IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY D. WOLFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-4025-CV-C-ODS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security. | ) |
| | ) |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her applications for disability benefits and supplemental security income benefits. The Commissioner's decision is reversed, and the case is remanded for reconsideration.

In rejecting Plaintiff's claim, the ALJ found Plaintiff "retain[ed] the residual functional capacity for a wide range of sedentary work and is unable to climb ladders or stairs, and should have no exposure to unprotected heights or dangerous machinery." She also found Plaintiff "would be limited [to] no more than the occasional overhead reaching, and could avoid concentrated exposure to extreme cold, vibration, hazardous machinery and heights." R. at 21. The limitations on reaching were consistent with limitations set forth by the State agency, with which the ALJ "basically" concurred. R. at 21, 302. This finding was also supported by Plaintiff's testimony. R. at 33-34.

The problem is that the limitation on reaching was not included in the hypothetical question posed to the vocational expert ("VE"). With that limitation absent, the VE testified Plaintiff could perform her past work as a file clerk or an account clerk. R. at 42-43. Later, Plaintiff's counsel asked the VE about the extent to which those jobs required use of the arms and hands; the VE testified that "those jobs all are frequent on all three on reaching, handling and fingering." He then explained that "frequent" meant the activity was required "[o]ne third to tow thirds" of the time. R. at 44.

The hypothetical posed to the VE was incomplete because it failed to include a limitation found to exist by the ALJ. The omission is significant because the VE testified the job required functional capability that appears to be excluded by that limitation. Consequently, there is not substantial evidence in the record as a whole establishing that Plaintiff can return to her past relevant work.

The Commissioner's final decision is reversed and the case is remanded for further proceedings consistent with this opinion. At a minimum, the ALJ must elicit expert testimony based on a complete hypothetical question. If Plaintiff is incapable of performing her past relevant work, then the analysis should proceed to step five.

IT IS SO ORDERED.

DATE: February 27, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT